JAP:MEM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - X

**15 M 014**

UNITED STATES OF AMERICA
               - against -

ADAM FISCHER,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - X

REMOVAL TO THE
DISTRICT OF VERMONT
(Fed. R. Crim. P. 5(c))

EASTERN DISTRICT OF NEW YORK, SS:

       MICHAEL HELM, being duly sworn, deposes and says that he is a Special Agent with the U.S. Secret Service, duly appointed according to law and acting as such.

       Upon information and belief, on or about December 29, 2014, an arrest warrant was issued in the United States District Court for the District of Vermont, commanding the arrest of ADAM FISCHER (the "defendant"), based on a complaint charging the defendant with passing and possessing counterfeit obligations of the United States in violation of Title 18, United States Code, Sections 472.

       The source of your deponent's information and the grounds for his belief are as follows:

       1.     On December 29, 2014, a complaint was filed, with attachment, against the defendant in the District of Vermont, charging him with intent to defraud, passing and possessing counterfeit obligations of the United States. A copy of the complaint is attached hereto as Exhibit A.

       2.     That same day, a warrant was issued for the defendant's arrest based on said complaint. A copy of the arrest warrant is attached hereto as Exhibit B.

3.     On or about, January 5, 2015, agents from the Secret Service office in Vermont provided agents from the Secret Service in New York with a copy of the arrest warrant for the defendant, as well as pedigree information for the defendant. This included a photograph of the defendant and a possible residence address in Staten Island, New York.

4.     On January 7, 2015 the defendant surrendered to Secret Service agents at a hotel in Staten Island. The person who surrendered further presented identification confirming that he was ADAM FISHER. Based on the foregoing, I was able to determine that the defendant was the individual sought by the District of Vermont.

5.     It is the desire of the United States Attorney for the District of Vermont that the defendant be removed to that district pursuant to the arrest warrant.

WHEREFORE, it is requested that defendant ADAM FISHER be removed to the District of Vermont so that he may be dealt with according to law.


_____
Special Agent Michael Helm
United States Secret Service


Sworn to before me this
7th day of January, 2015


_____
HONORABLE VICTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

AO 91 (Rev. 11/11)  Criminal Complaint

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

# UNITED STATES DISTRICT COURT
## for the
### District of Vermont

2014 DEC 29  PM 2: 11

CLERK

BY
DEPUTY CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| ADAM FISHER | )  Case No. 2:14-mj-96 |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 2, 2014_____ in the county of _____Orange_____ in the

_____ District of _____Vermont_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. section 472 | With intent to defraud, passing and possessing counterfeit obligations of the United States. |

This criminal complaint is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Keith Saunders, SFA USSS
Printed name and title

Sworn to before me and signed in my presence.

Date: _Dec. 29, 2014_

City and state: _Burlington VT_

_____
Judge's signature

John M. Conroy
Printed name and title
U.S. Magistrate Judge

## AFFIDAVIT

I, Keith J. Saunders, hereby depose and state as follows:

1.      I am a Special Agent with the Department of Homeland Security, United States Secret Service ("USSS"), assigned to the Resident Agency in Burlington, Vermont, as the Senior Resident Agent. I have been a Special Agent since January 28, 1991. I have had the opportunity to conduct, coordinate, and/or participate in several investigations relating to the manufacture and passing of counterfeit United States currency. I have received specialized training in the recognition and manufacture of counterfeit currency, including the recognition of the use of printing processes employed to create both genuine and counterfeit United States currency.

2.      As a Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code (U.S.C.), Section 2510(7). I am empowered to conduct investigations of, and to make arrests for, offenses involving counterfeit currency and related activities as granted in Title 18, U.S.C., Section 3056, and further enumerated in Title 18, U.S.C., Section 471 and 472, *et seq.*, and for other felony offenses.

3.      I set forth the following as probable cause to believe that Adam D. Fisher, DOB 12/29/1976, with the intent to defraud, possessed and passed counterfeited securities of the United States in violation of 18 U.S.C. § 472. The following is either known to me personally, or has been related to me by persons having direct knowledge of the events described below, or is information I have read from the reports of other law enforcement agencies. This affidavit is meant to set forth probable cause and does not include every fact known to law enforcement about the events described below.

4.      On October 1, 2014, at approximately 7:48 AM, Barbara Sarpong was stopped for speeding by the Vermont State Police, (VSP), while driving northbound on Interstate 91, in the

−1−

Town of Thetford, VT. Sarpong was operating a silver Hyundai Sonata, New York license plate FGZ2013. This vehicle is registered to Adam D. Fisher. During the traffic stop, Trooper Schlesenger conducted law enforcement queries for Sarpong, the above license plate, and Adam Fisher, who was present in the vehicle. In the notes section of the issued ticket, the Trooper also lists that the vehicle is occupied by three people.

5.     Later on October 1, 2014, Chief Jack Harris, Lyndonville Police Department, notified me that he had Barbara Sarpong in custody for passing counterfeit currency, and requested the assistance of the USSS. I responded to the Lyndonville Police Department, where Chief Harris informed me of the following circumstances that led to the arrest of Barbara Sarpong.

a.     On 10/1/14, the police department received a telephone complaint from Barbara Cole, manager at the Dollar General, located at 164 Broad Street, Lyndon. Cole called to report that she had two black females in line, attempting to pass a fake one hundred dollar bill.

b.     Chief Harris responded to the Dollar General. As Harris drove into the parking lot at Dollar General, he saw a black female at the rear of a silver colored Hyundai Sonata. This vehicle had a New York license plate on it, FGZ 2013. As Harris drove to her location, she quickened her pace, entering the driver side of the vehicle. Harris stopped his marked police vehicle behind the departing female's vehicle. The female, later identified as Barbara Sarpong, put her vehicle in reverse and drove directly into the left front fender of Harris' vehicle. Harris requested Vermont State Police respond to investigate the crash. Trooper Roos responded and took the report of the accident and further identified each of the subjects at the scene.

c.     As Harris exited the police vehicle, he was met by Cole, manager of Dollar

–2–

General, Cole handed Harris a one hundred dollar Federal Reserve Note (FRN), which had the serial number B92897644A. Cole advised that Sarpong was in line attempting to cash out, when she presented the $100 FRN. Cole said at that time there was a second female with Sarpong. As the bill was checked for authenticity, Sarpong reportedly turned to the second female and said, "Don't say a thing". The second female, later identified as Etosha George, then exited the store and went to their vehicle.

d. Harris requested Sarpong to provide identification. Sarpong first gave a New York State identification card with the name Barbara Leveque on it. She then produced a photo New York State driver license which contained the name of Barbara Sarpong.

e. Harris asked Sarpong if she knew why he was there. She advised that she did. Harris asked Ms. Sarpong if she could explain the money. Sarpong advised that she had won the $100 bill in a poker game and was not sure if it was real or not. Harris asked Sarpong if she had any other money on her, and she replied she did not. Harris learned that Sarpong and George were staying at the Lynburke Motel in the town of Lyndon, and the two were staying with a male subject whom they identified as Adam Fisher. Fisher responded to the accident scene on foot, where he was identified by both Trooper Roos and Chief Harris and presented a valid New York license. Fisher and George were released at the scene with Fisher's car, the Hyundai Sonata with New York license plate FGZ 2013.

f. Sarpong was taken into custody for the attempting to pass the counterfeit $100 FRN.

g. Chief Harris made contact with the owner of the Lynburke Motel.

--3--

Through this, Harris learned that Fisher had checked into the Motel that same day, and paid with a $100 bill. This bill was subsequently brought to the Lyndonville Police Department and was found to possess the same serial number as the $100 bill Sarpong had tried to pass at the Dollar General Store.

6.    The Lynburke Motel later advised that the room Sarpong and Fisher had been staying in had been vacated. Attempts to relocate Fisher related to the CFT $100 FRN from the Lynburke Motel were unsuccessful. I also learned that Detective Trooper Matt Amadon, VSP, had previously encountered Fisher on an unrelated case the previous week and was familiar with him.

7.    I responded to the Lyndonville Police Department and examined the two suspect counterfeit notes. I determined based upon visual inspection and my training and experience that the two notes, both with the same serial number and purporting to be of the 1985 series of $100 FRNs, were counterfeit and were manufactured using digital ink jet technology. I know that genuine United States currency is printed using a process other than ink jet, and that genuine FRNs from a particular series contain unique serial numbers.

8.    Chief Harris and I interviewed Sarpong in the Lyndonville Police Department Conference Room. Prior to the interview beginning, Harris presented Sarpong with a Miranda Warning form and advised her of her rights, which she acknowledged, then waived and agreed to talk with us. With the consent of Sarpong, the interview was audio recorded. The Lyndonville Police Department does not have video recording capabilities.

9.    Sarpong initially stated that she had won the counterfeit money in a poker game and that she was in the Northern Vermont area with her friend, Adam Fisher. Sarpong advised that she had been to the Lyndonville area previously, approximately September 20, 2014. Sarpong advised that on her last visit, she spent $150 at the Dollar General. Sarpong said that she had a $100 bill at that time, but did not admit that it was counterfeit. Sarpong stated that

—4—

when they were in Vermont previously, they had food from McDonalds and stayed at the Colonnade Inn.

10.    Sarpong stated that on one prior occasion she had a counterfeit $100 bill, but that the place she tried to spend it at, which she indicated was in Staten Island NY, gave her the bill back, telling her it was fake. Sarpong said that she kept the bill, but could not recall where it was now. During the interview, Sarpong stated she did have additional currency and reached into her undergarments and produced $52 in genuine currency, contrary to what she had stated to Harris earlier.

11.    Sarpong stated she could not say that Fisher put the money in her hand, as he didn't physically put it there. As the interview continued, Sarpong began to cry, and became quiet. Sarpong then stated that she was not a rat and that she was a single woman that lives with her child and how easy it would be for someone to come after them. After a while longer, Sarpong stopped and advised that she believed that she should talk with her lawyer. At that point, the interview was ended and Sarpong returned to the holding cell.

12.    I was later advised by the Vermont State Police, Trooper Petersen, that based on the following information, on October 2, 2014, at approximately 2:10 PM, at the Family Dollar Store in Bradford, VT, another counterfeit note was passed. Employees of the Family Dollar store described to the VSP an African American female and Caucasian male who entered the store. The Male paid with a $100 bill, serial number B92897644A, for $56 in merchandise. Video surveillance of the two individuals and transaction was obtained. The video was later reviewed and the Male subject was identified by Det. Amadon and Chief Harris as Adam Fisher. The Female subject was identified by Chief Harris as Etosha George.

13.    Trooper Petersen also advised that, based on the following information, on October 2, 2014, at approximately 2:30 PM, at Vermont Country Home Antiques, Bradford, VT, a counterfeit bill was passed by Fisher. Vermont Country Home Antiques is located near to the

–5–

Family Dollar Store. Employees described to the VSP an African American female and Caucasian male who entered the store. The clerk, Wendy Hynes, described the male as being 5'7 or 5'8 (Note: Fisher's NY license lists him as being 5'8 in height), estimated age of 20s, with short dark hair, and spoke with a NY accent purchased a set of book ends. This Male initially tried to pay with a $100 bill, but Hynes declined that under the guise that she did not have enough change. The Male then produced a $50 bill, serial number B97744022A. Hynes stated that the vehicle they were driving was a smaller light gray colored vehicle with a NY license plate. This vehicle description matched the description of the Sonata belonging to Fisher.

14.  Trooper Petersen also advised that, based on the following information, on October 2, 2014, at approximately 3:40 PM, at the Bradford Mini Mart, Bradford, VT a counterfeit note was passed by Fisher. The Bradford Mini Mart is located near Vermont Country Home Antiques. Video surveillance shows an African American female and a Caucasian male enter store and purchase food. The Male presents a $100 bill, serial number B92897644A, for a $23 food bill. While reviewing the video surveillance later, the Male subject is identified by Chief Harris as Fisher, and is consistent with other footage of Fisher. The Female subject is identified by Chief Harris as George.

15.  On October 2, 2014, Fisher checked into the All Seasons Motel, Woodsville, NH, which is near the Wal-Mart, and is observed to be driving the same 2013 Hyundai Sonata bearing NY license plate FGZ2013.

16.  Trooper Petersen also advised that, based on the following information, on October 2, 2014 at approximately 7:30 PM and 8:30 PM, at the Wal-Mart, Woodsville, NH, two additional counterfeit notes are passed by Fisher. The Wal-Mart is located approximately 20 miles from Bradford. During two separate transactions, $100 bills were presented at same register, to two separate clerks. The serial numbers on both $100 bills were B92897644A. Review of the video surveillance footage shows the Male subject wearing same clothing as prior footage showing FISHER from the Family Dollar and Bradford Mini Mart. The Male subject is

–6–

the only individual present for both transactions. The Male subject was identified by Chief Harris and Det. Amadon as Fisher.

17.    Trooper Petersen also advised that, based on the following information, on October 3, 2014, at approximately 11:00 AM, at An Affair to Remember, Woodsville, NH, a counterfeit note was passed. According to the clerk, an African American female and a Caucasian male entered the store and were inside the store for about 90 minutes. When things got slightly busy, the male approached the register to purchase a small item valued approximately $12. The Male presented a $100 bill for payment. The clerk claimed that she could not make change for a $100 and the male suggested this was the only money he had and requested the clerk verify that she did not have enough change. A short while later the male produced a $50 bill, serial number B97744022A. Due to the line developing, the clerk accepted the $50 bill, and she then noticed that the female had left the store and was waiting in the car, which she had moved to adjacent of the store entrance. The male was described by Musty as 5'7" in height, age in the mid 40s, with short dark colored hair, and a NY accent. The clerk was sufficiently suspicious that she took a photograph of the subject's vehicle as it drove away. The clerk provided the photograph to law enforcement. The vehicle pictured was a gray Hyundai Sonata bearing a NY registration plate. The following digits are readable in the picture FGZ2_13. Chief Harris reviewed the photograph and recognized the vehicle as the one that had been in Lyndonville and struck his vehicle on October 1, 2014.

18.    I reviewed the Secret Service's database for counterfeit currency. The 1985 Series $100 counterfeit FRN with serial number B92897644A first appeared on September 22, 2014, in St. Johnsbury, Vermont. Including this first appearance, the Secret Service has received 40 of these CFT $100 FRN's. The locations where they have been passed have largely been confined to New Hampshire, Pennsylvania, New Jersey, and Vermont.

19.    I reviewed the Secret Service's database for counterfeit currency. The 1988 Series $50 counterfeit FRN with serial number B97744022A first appeared on May 20, 2014, in

–7–

Pennsylvania. Including this first appearance, the Secret Service has received 68 of these CFT $50 FRN's. The locations where they have been passed have largely been confined to Pennsylvania, Connecticut, New Jersey, and Vermont.

20.    Sarpong has a criminal history for petit larceny; possession of forged instrument; possession of controlled substance for sale; transporting controlled substance into prison; and sale of controlled substance.

21.    Fisher has a criminal history for petit larceny; possession of forged instrument; possession of controlled substance; and credit card fraud. Fisher is of prior record with this Service for an arrest and felony conviction for credit card fraud in 1998.

Dated at Burlington, Vermont, this _29th_ day of December, 2014.


KEITH J. SAUNDERS
Senior Resident Agent
United States Secret Service

Sworn to and subscribed before me this _29th_ day of December, 2014.


HON. JOHN CONROY
United States Magistrate Judge

—8—

# EXHIBIT B

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Vermont

United States of America
v.

Adam Fisher

_Defendant_

)
)
)
)
)
)
)

Case No. 2:14- MJ-96

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_    Adam Fisher
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment        ☐ Superseding Indictment        ☐ Information        ☐ Superseding Information        ☑ Complaint
☐ Probation Violation Petition        ☐ Supervised Release Violation Petition        ☐ Violation Notice        ☐ Order of the Court

This offense is briefly described as follows:

  Passing counterfeit currency.

Date:      12/29/2014

_Issuing officer's signature_

City and state:    Burlington, Vermont

John M. Conroy
_Printed name and title_    U.S. Magistrate Judge

| Return |
| --- |

This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____
at _(city and state)_ _____

Date: _____

_Arresting officer's signature_

_Printed name and title_

COPY
FOR CASE FILE AND/OR
INVESTIGATIVE PURPOSES
ONLY
ORIGINAL ON FILE USMS VT